UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on August 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Schmidty Kicks LLC

| | |
|---|---|
| Case No.: | 23-10412 |
| Chapter: | 7 |
| Hearing Date: | |
| Judge: | JNP |

# ORDER

Consent Order Concerning Confidentiality

The relief set forth on the following pages, numbered two (2) through _____, is **ORDERED**.

**DATED: August 17, 2023**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
Bruce S. Luckman
Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, New Jersey 08057
Telephone: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
bluckman@shermansilverstein.com
rswitkes@shermansilverstein.com

**ARNALL GOLDEN GREGORY LLP**
Darryl S. Laddin (pro hac vice)
Frank N. White (pro hac vice )
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30326-1031
Telephone: (404) 873-8120
Email: darryl.laddin@agg.com
frank.white@agg.com

*Counsel for Defendant American Express National Bank*

**SARACHEK LAW FIRM**
Joseph E. Sarachek
Zachary E. Mazur
670 White Plains Road, #PH
Scarsdale, New York
Telephone: (646) 517-5420
Email: joe@sarecheklawfirm.com
zachary@sarecheklawfirm.com

*Special Counsel for the Chapter 7 Trustee*

**McDOWELL LAW, PC**
Joseph A. McCormick, Jr.
46 West Main Street
Maple Shade, New Jersey 08052
Telephone: (856) 482-5544
Email: jmccormick@mcdowelllegal.com

*Attorneys for the Chapter 7 Trustee*

3388833.1

(Page 2)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

| | |
|---|---|
| In re:<br><br>SCHMIDTY KICKS LLC,<br><br>　　　　　　　　Debtor.<br><br>JOSEPH D. MARCHAND, CHAPTER 7 TRUSTEE,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>　　　　　　　　Defendant. | Case No.: 23-10412 (JNP)<br><br>Chapter 7<br><br>Honorable Jerrold N. Poslusny, Jr., U.S.B.J.<br><br><br>Adv. Pro. No.: 23-01076 (JNP) |

## CONSENT ORDER CONCERNING CONFIDENTIALITY

　　　　The relief set forth on the follow pages, numbered two (2) through eight (8), be and hereby is **ORDERED**.

2

3388833.1

(Page 3)
Debtor:            Schmidty Kicks, LLC
Case No.           23-10412 (JNP)
Adv. Pro.:         Marchand, Trustee v. American Express National Bank
Adv. Pro. No:      23-01076 (JNP)
Caption:           Consent Order Concerning Confidentiality

---

**THIS MATTER** having been brought before the Court by Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., and Arnall, Golden Gregory LLP, attorneys for American Express National Bank ("AENB"), Defendant in the above-captioned adversary proceeding, and Joseph D. Marchand, as Chapter 7 Trustee of Debtor Schmidty Kicks, LLC (the "Trustee"), consent having been obtained with respect to this Order (AENB and the Trustee each a "Party", and collectively the "Parties"); and good cause having been shown; it is hereby

**ORDERED** as follows:

1.      Each of the Parties and any third party who responds to discovery propounded by a Party (whether in the above-styled adversary proceeding or Bankruptcy Case) shall have the right to designate as "Confidential" or "Attorneys' Eyes Only" and subject to this Order any information or documents provided or produced in response to discovery requests or third-party subpoenas, or any designated portions of the transcripts of any depositions in this proceeding (the "Transcripts"), that the designating party believes to contain (a) trade secrets, competitively or proprietary sensitive technical, marketing, financial, sales, risk, security measures or other confidential business information, or (b) private or confidential personal information, or (c) information received in confidence from third parties. Any Party or any third party who produces or discloses any Confidential material shall mark the same with the foregoing or a similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").   Any Party or any third party who produces or discloses any Attorneys' Eyes Only material shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY

3

(Page 4)
Debtor:            Schmidty Kicks, LLC
Case No.           23-10412 (JNP)
Adv. Pro.:         Marchand, Trustee v. American Express National Bank
Adv. Pro. No:      23-01076 (JNP)
Caption:           Consent Order Concerning Confidentiality

---

CONFIDENTIALITY ORDER" (hereinafter "<u>Attorneys' Eyes Only</u>").

    2.    Confidential or Attorneys' Eyes Only material shall be used solely for purposes of this adversary proceeding and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose,[1] and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 and 4 below, unless and until the restrictions herein are removed either by written agreement of the Parties, or by Order of the Court. It is understood, however, that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such material except by prior written agreement of counsel for the parties, or by Order of the Court.

    3.    Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a.    Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

    b.    Outside experts or consultants retained by outside counsel, provided they have read this Confidentiality Agreement and signed a non-disclosure agreement in the form attached hereto as Exhibit A hereto;

    c.    Secretarial, paralegal, clerical, duplicating and data-processing personnel of the foregoing solely for performing administrative functions;

---

[1] Specifically, and not by way of limitation, no documents or other information which is marked "Confidential" or "Attorneys Eyes' Only" shall be posted on any social media or similar site, used in connection with any media, press release or other news source, or be used to contact any person or entity identified in such documents or information.


(Page 5)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

  d. The Court and Court personnel;

  e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

  f. Vendors retained by or for the Parties, solely to assist in conducting or preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation-support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  g. The Parties. In the case of Parties that are corporations or other business entities, such Party may only disclose to employees and in-house counsel who the corporation or other business entity believes are necessary to participate in matters relating to this adversary proceeding.

4. Material produced and marked as Attorneys' Eyes Only may be disclosed only to:

  a. Outside counsel (herein defined as any attorney at the parties' outside law firms of record in this action) for the receiving Party and relevant in-house counsel for the receiving Party;

5

(Page 6)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

  b. Outside experts or consultants retained by outside counsel for purposes of this adversary proceeding to whom disclosure is reasonably necessary, provided they have read this Confidentiality Agreement and signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  c. Secretarial, paralegal, clerical, duplicating and data processing personnel, and other employees to whom it is reasonably necessary to disclose the information, of the foregoing individuals in a-b, and solely for administrative purposes;

  d. The Court and Court personnel;

  e. The Chapter 7 Trustee;

  f. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

  g. Vendors retained by or for the parties to whom disclosure is reasonably necessary for this litigation and solely for administrative purposes, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

5. Confidential or Attorneys' Eyes Only material shall be used only by individuals

(Page 7)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

permitted access to them under Paragraphs 3 and 4 above. Confidential or Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until 30 days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties, and until such time has expired, all deposition content shall be presumptively categorized as "Confidential" to protect the interests of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty 30 days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the foregoing Paragraphs of this Order.

7. If counsel for a Party receiving documents or information (including any deposition content) designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(Page 8)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

    a.    Counsel for the objecting Party shall serve on the designating Party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith for no less than five (5) business days in an effort to resolve the dispute.

    b.    If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8.    All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

9.    If the need arises, during any hearing before the Court, for any Party to disclose

3388833.1

(Page 9)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Order, *ab initio*.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege, the work-product doctrine, the common-interest privilege or any other privilege recognized by law is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Fed R. Civ. P. 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product status. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

3388833.1

(Page 10)
Debtor:         Schmidty Kicks, LLC
Case No.        23-10412 (JNP)
Adv. Pro.:      Marchand, Trustee v. American Express National Bank
Adv. Pro. No:   23-01076 (JNP)
Caption:        Consent Order Concerning Confidentiality

---

12. No information that is in the public domain, which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Order.

13. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party or third-party to move the Court for modification or for relief from any of its terms.

14. This Order shall survive the conclusion of this bankruptcy case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

15. Upon final conclusion of this adversary proceeding, if requested by any party, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things including those containing Confidential or Attorneys' Eyes Only material, and to destroy, should such source so request to have such material destroyed, all copies of Confidential or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material as well as any and all digital versions of the types of documents and information described in this paragraph; however, counsel, and all other third parties who executed the agreement attached as Exhibit A,

(Page 11)
Debtor:         Schmidty Kicks, LLC
Case No.        23-10412 (JNP)
Adv. Pro.:      Marchand, Trustee v. American Express National Bank
Adv. Pro. No:   23-01076 (JNP)
Caption:        Consent Order Concerning Confidentiality

---

may retain a copy of the documents and things as necessary and with appropriate security to prevent disclosure consistent with this Order to maintain their respective files.

The undersigned consent to the terms, conditions, and entry of this Order, and represent that they have authority to execute same on behalf of their respective clients.


**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
*Counsel for American Express*
*National Bank*


By: */s/ Bruce S. Luckman*
    BRUCE S. LUCKMAN

Dated: August 9, 2023


**SARACHEK LAW FIRM**
*Special Counsel for the Chapter 7 Trustee*


By: */s/ Joseph E. Saracheck*
    JOSEPH E. SARACHEK

Dated: August 9, 2023


**ARNALL GOLDEN GREGORY LLP**
*Counsel for American Express*
*National Bank*


By: */s/ Darryl S. Laddin*
    DARRYL S. LADDIN

Dated: August 9, 2023


**McDOWELL LAW, PC**
*Attorneys for the Chapter 7 Trustee*


By: */s/ Joseph A. McCormick, Jr.*
    JOSEPH A. McCORMICK, JR.

Dated: August 9, 2023

3388833.1

(Page 12)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No.: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

**EXHIBIT "A"**

| | |
|---|---|
| In re:<br><br>SCHMIDTY KICKS LLC,<br><br>    Debtor. | Case No.: 23-10412 (JNP)<br><br>Chapter 7<br><br>Honorable Jerrold N. Poslusny, Jr., U.S.B.J. |
| JOSEPH D. MARCHAND, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>    Defendant. | Adv. Pro. No.: 23-01076 (JNP)<br><br><br>**AGREEMENT TO BE BOUND BY ORDER CONCERNING CONFIDENTIALITY** |

I, _____, being duly sworn, state that:

    1. My address is _____.

    2. My present employer is _____ and the address of my present employment is _____.

    3. My present occupation or job description is _____.

    4. I have carefully read and understood the provisions of the Order Concerning Confidentiality in this case signed by the Court, and I will comply with all provisions of the Order Concerning Confidentiality.

    5. I will hold in confidence and not disclose to anyone not qualified under the Order Concerning Confidentiality any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only Information disclosed to me.

    6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

    7. No later than the final conclusion of the case, I will return all Confidential and Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for

3388833.1

(Page 13)
Debtor: Schmidty Kicks, LLC
Case No. 23-10412 (JNP)
Adv. Pro.: Marchand, Trustee v. American Express National Bank
Adv. Pro. No: 23-01076 (JNP)
Caption: Consent Order Concerning Confidentiality

---

the party by whom I was employed or retained or subpoenaed or otherwise requested to be involved in this action.

      8. I understand and acknowledge that failure to comply could expose me to sanctions and agree to submit to the jurisdiction of this Court for the purpose of enforcing the terms of the Order Concerning Confidentiality.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                                                       [Name]

3388833.1